IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL MCKNIGHT, ) | |
| ) | |
| Plaintiff, ) | NO. 3:08-00153 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| DILLARDS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Defendant's motion for reconsideration under Fed. R. Civ. P. 59(e) (Docket Entry No. 16) of the Order vacating the arbitration award and remanding this matter for another arbitration proceeding (Docket Entry Nos. 14 and 15, Memorandum and Order). The Defendant's motion is supported by one of its counsel's affidavit. (Docket Entry No. 17-1, Lewis Affidavit). Plaintiff has filed his response. (Docket Entry Nos. 19 and 20). The Court also reviewed the parties' earlier papers.

Under Rule 59(e), this motion can be granted for an intervening change in the controlling law or the availability of evidence not previously available or to correct a clear error of law or prevent manifest injustice. Keweenaw Bay Indian Community v. State of Michigan, 152 F.R.D. 562, 563 (E.D. Mich. 1992), aff'd, 11 F.3d 1341 (6th Cir. 1993). In addition, "[i]t is well-established ... that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment." Emmons v. McLaughlin, 874 F.2d 351, 358 (6th Cir. 1989).

In support of its motion, the Defendant submits the affidavit of one of its counsel (Docket Entry No. 17-1) on the selection process of the arbitrator. Given that the original motion to

vacate and the Defendant's response clearly raised this issue (Docket Entry No. 1 Motion to Vacate at pp. 2, 9 and Exhibit A thereto; Docket Entry No. 2, Defendant's Response at pp. 1, 3-5 and Exhibits C and D thereto), the Court concludes that the evidence in support of this motion was available prior to the Court's ruling and is not new evidence that can be considered on this Rule 59(e) motion. In any event, as discussed below, this evidence would not change the Court's conclusion and ruling on this issue.

As to the assertions of clear error and failure to apply the applicable law, the Court remains of the view that the Defendant's rules expressly provide that in the event of a difference between its arbitration rules and the American Arbitration Association's rules, the Defendant's rules control. See Docket Entry No. 14 Memorandum at p. 3 ( quoting the Defendant's Rule). Thus, the Defendant's reliance on the AAA rule is misplaced. Upon review of its earlier Memorandum, the Court concludes that the correct legal principles were applied and again concludes that the factual circumstances here warrant vacating the arbitration award. Id. at pp. 9-14. As to the Court's citation to federal law on Plaintiff's state law discrimination claims, state courts apply Title VII standards to such clams. See Parker v. Warren County Util. Dist., 36 S.W.3d 170, 172 (Tenn. 1999).

For these reasons, the Defendant's motion to reconsider (Docket Entry No. 16) is **DENIED**.

It is so **ORDERED**.

ENTERED this the 16th day of June, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge